(52 South. 237.)

No. 17,779.

GLADSTONE REALTY CO. v. CURRIE.

(March 28, 1910. Rehearing Denied April 25, 1910.)

(Syllabus by Editorial Staff.)

1. VENDOR AND PURCHASER (§ 176*)—DEFICIENCY IN TRACT SOLD — REMEDY OF PURCHASER.

The right of action by a purchaser for a lump sum of a certain and limited body of land actually containing 3.85 acres, but said to contain 10 acres, more or less, is for a diminution of price, under Civ. Code, art. 2494, and not for a supplement of area.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 176.*]

2. VENDOR AND PURCHASER (§ 176*)—DEFICIENCY IN TRACT SOLD—REMEDY OF PURCHASER—DIMINUTION IN PRICE.

Defendant sold from a certain tract for a lump sum land described by metes and bounds, said to contain 10 acres, more or less, but as a matter of fact containing only 3.85 acres. Thereafter he sold the remainder of his tract to plaintiff for a lump price. The sale was made by boundaries that included the lot previously sold; but the act recited that it was made, "less 10 acres, more or less, sold to" the first grantee. The tract, less the 10 acres, was said to contain 240 acres; but as a matter of fact it and the lot previously sold had an area of 235 acres. Plaintiff sued for a diminution of price, under Civ. Code, art. 2494, providing for an action for diminution of price where the real measure comes short of that expressed in the contract by one-twentieth part. Held that, as the grantee on the first deed could only demand 3.85 acres, the shortage in the land actually conveyed, 235.8 acres less the 3.85 acres originally sold, is only 8.5 acres, which is less than one-twentieth of the land supposed to have been sold, so that plaintiff had no right of action for diminution of price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 176.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by the Gladstone Realty Company against A. Currie. From a judgment for defendant, plaintiff appeals. Affirmed.

Hall & Jack, for appellant. Alexander & Wilkinson, for appellee.

PROVOSTY, J. The defendant, Currie, sold to P. & H. Youree a lot from off his large tract of land. The lot was sold by metes and bounds for a lump price. It was said to contain 10 acres, more or less, but as a matter of fact contained only 3.85 acres. Eleven months later the defendant, Currie, sold the remainder of his tract of land to the plaintiff company for a lump price. The sale was made by boundaries that included the lot sold to P. & H. Youree; but the act recited that it was made "less ten acres,

more or less, sold to P. & H. Youree." The tract, less the 10 acres, was said to contain 240 acres. As a matter of fact, it and the P. & H. Youree lot together have an area of only 235.8 acres. Plaintiff brings this suit for a diminution of price, under article 2494, Civ. Code, which reads:

"Art. 2494. In all cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the destination of the object, followed by its measure, the expression of the measure gives no room to any supplement of price, in favor of the seller, for the overplus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract, by one-twentieth part, regard being had to the totality of the objects sold; provided there be no stipulation to the contrary."

One-twentieth of 240 is 12. Take 10 acres for the Yourees from the 235.8, and the land is short 14.2 acres of the 240 called for by the deed—a greater shortage by 2 acres than one-twentieth. On the other hand, take 3.85 for the Yourees, and the shortage is only of 8.05 acres, or 4.95 acres less than one-twentieth.

We do not think the Yourees could demand of plaintiff more than 3.85. The sale to them, like that to plaintiff, was "of a certain and limited body" for a lump price, and their right of action would be under article 2494, supra, for a diminution of price, like that of plaintiff, and not for a supplement of area. That article does not give a right of action for a supplement of area, but only for a diminution of price.

The learned counsel for plaintiff say, however, that the truth of the matter is that the agreement between the defendant, Currie, and the Yourees, was to cut out 10 acres from the larger tract, and that the surveyor, in establishing the metes and bounds according to which the sale was made, intended to include within them that number of acres, and by error included only 3.85, and that

the action of the Yourees would be for a correction of this error, and would be as fully maintainable against the plaintiff as against the vendor, Currie, himself, because in the act of sale to plaintiff there is the recital that what was sold to the Yourees was 10 acres.

The answer is, in the first place, that the said mistake in fixing the metes and bounds is neither alleged nor proved; and, in the second place, that the Yourees could not be allowed to prove, as against the vendee of their vendor any verbal agreement of their vendor, or even any written agreement not of record. Therefore any suit brought by them against the plaintiff company would have to be determined by the application of legal principles to the recorded documents, and the result of so doing would be that the only action accruing to them would be against their vendor in diminution of price, under article 2494, supra.

The statement in the deed to plaintiff that the Youree deed calls for 10 acres is of no more significance than the same statement as contained in the Youree deed itself. The Youree deed was not thereby changed. There was no intention to change it. It continued to be just what it was before; that is to say, "a sale of a certain and limited body" for a lump price. There can be no doubt that all parties were under the impression that 10 acres were contained within the metes and bounds mentioned in it. They were mistaken in that regard. That is all. That mistake cannot be construed into a consent that the deed should be amended so as to include land outside of the metes and bounds, or that the Yourees should have any more than their deed called for on the face of the record. And on the face of the record, by operation of the legal principles applicable thereto, the deed called for only 3.95 acres.

Judgment affirmed.