(57 South. 526.)

No. 19,130.

ADAMS v. PORTER.

In re PORTER.

(Jan. 15, 1912. Rehearing Denied Feb. 12, 1912.)

*(Syllabus by the Court.)*

VENDOR AND PURCHASER (§ 167*)—PERFORMANCE OF CONTRACT—DEFICIENCY IN QUANTITY.

When there is a deficiency of land in a sale per aversionem, the court cannot order the vendor to supply the deficiency out of land not included in the tract intended to be sold.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 332; Dec. Dig. § 167.*]

Action by Thomas J. Adams against J. W. Porter. Application by the defendant for certiorari or writ of review to the Court of Appeal, Parish of Caddo. Judgment of the district court in favor of defendant reinstated, and made the judgment of the Supreme Court.

Hall & Jack and Liverman & Pollock, for applicant. Lee, Pegues & Atkinson, for respondent.

BREAUX, C. J. This suit was brought by plaintiff to recover the following described tract of land, to wit: Commencing in the center of Wilson's Ferry, and running in a southeasterly direction along Bayou Pierre, to a dry bayou south of a cabin, at or near the east and west line of section 5, dividing the N. ½ and the S. ½ of S. E. ¼ of section 5, and running thence east between parallel lines to the east boundary of the section, containing 80 acres, more or less.

The facts are slightly complicated. They are in the main that on the 22d day of December, 1908, Thomas J. Adams, the plaintiff, sold to Joseph W. Porter, the defendant, a tract of land of 33 acres for the price of twelve hundred dollars, represented by the note of J. W. Porter in favor of the plaintiff, payable on January 1, 1910, secured by a vendor's mortgage and privilege.

On the face of the papers, this was a complete deed.

Subsequently the parties by their agreements beclouded the issues.

The defendant, Porter, agreed with plaintiff to transfer to the latter, Adams, the land described (which was mortgaged at the time to a Mr. Marsden) in exchange for plaintiff's land, sold as above mentioned, and for the

price for which a note had been executed. In order to enable Porter, the defendant, to make title to Adams, to the 80 acres of land above described, a note, secured by mortgage and vendor's privilege, as above mentioned, was assigned to Porter to enable him to pay the vendor's privilege and mortgage due by him (Porter) on the land which he promised to transfer to the plaintiff in exchange. The note was placed in the hands of Mr. K. M. Reeves to pay the note and vendor's privilege due by Porter to Marsden. The note was taken up by Reeves for account of Adams, and it remained in the hands of Reeves to guarantee the faithful performance on the part of Porter according to the terms of the contract; that is to say, to guarantee the valid deed and title to the tract of land which he had promised to exchange with plaintiff for the land sold as first above mentioned.

It appears on the face of the papers as a sale, but in reality this sale was a step toward the exchange.

Some time after these agreements, defendant, Porter, delivered two mules to the plaintiff, for the value of which he received 45 acres of land, the very land that he had under private signature agreed to make title to plaintiff in exchange of the first land above described, but which he had not yet delivered in accordance with the agreement.

The mules transferred for the land had been in plaintiff's possession and use several months when this suit was brought.

There is no question but that the transaction between the plaintiff and the defendant involving the two mules and 45 acres of land is complete and irrevocable.

The judge of the district court so considered this part of the transaction, and so did the Circuit Court of Appeal.

Plaintiff in bringing this suit ignored entirely the exchange of land for mules; made no allegation in that respect.

We are of opinion that we must give effect to this part of the exchange between the parties.

Had the defendant undertaken, instead of the transaction about lands, to pay the $1,200 note, and had transferred the two mules in part payment, observing the proportion of the 45 acres to the 80 acres as the basis of value, the defendant would then have paid $11/20$ of the note; that is, in the proportion of $9/20$ to $11/20$, the value of the land.

The defendant informed the plaintiff that he would take possession of the 45 acres. He had them surveyed, and became the owner of a separate tract on the east side of the tract he had promised to transfer to plaintiff in exchange.

But the transaction took another shape, and from it grew the difference between the parties.

The plaintiff, we have seen, was to receive 80 acres of land in exchange for the $1,200 note, which is the same thing in this case as an equivalent for the 33-acre tract of plaintiff, as before mentioned.

But this transfer of the 80-acre tract was impossible for the reason that the tract as described contained only 50 acres. It was not possible to carve out of 50 acres two tracts—one of 45 acres, and another of 35 acres—the last number being the number of acres plaintiff now claims as due him as a balance of land on the exchange made.

The number of acres remaining is five acres.

Defendant's contention is that the tract was to be transferred by metes and bounds, and that, when the agreement was signed, it was expressly understood that the plaintiff would accept the number of acres without the reference to the actual number described in the deed.

This is not denied by the plaintiff. On

the contrary, it is admitted by him as a witness.

The Circuit Court of Appeal undertook to settle this difference between the parties by decreeing that the 35 acres of land should be taken from the 45 acres for which defendant had conveyed two mules, as before stated.

In this opinion we are unable to agree with our learned brothers of the Circuit Court of Appeal. Defendant had acquired as absolute right and title and the land was not subject to any further claim in the part of plaintiff. He could not be made to supplement a deficiency of measurement in that way. It would have been taking other land to supply an alleged deficiency.

A very similar question was decided in Gladstone Realty Co. v. Currie, 126 La. 115, 52 South. 237, in which it was decided that lands other than those included in the metes and bounds of the tract sold could not be taken and applied in satisfaction of any deficiency.

These 45 acres of land by effect of the agreement between the parties were taken out of the metes and bounds of the tract which defendant had promised to convey to the plaintiff in exchange.

The same principle applies here which was laid down in the cited case. We do not think we would be justified in undoing that which the parties had done in recalling a complete transaction for the purpose of adjusting misunderstandings (if there was misunderstanding).

As this was an important point, that relating to the consent of plaintiff, we will transcribe here the evidence upon the subject.

The defendant in testifying said:

"That plaintiff understood what he was getting, and that the description covered, and that he would take what there was according to lines from one point to the other on Bayou Pierre, extending back east to the section line."

129 La.—35

We infer that one of the principal objects of plaintiff, as stated by him, was to become the owner of Wilson's Ferry, which it appears is a part of the remaining five acres.

When plaintiff was questioned as a witness on cross-examination, he was asked if defendant, Porter, advised him that he was falling into a mistake against his interests. His answer was that he was so advised by the defendant. The question was then propounded to him:

"Did you not tell him that you did not care if you got 30 acres so you got the land you wanted?"

The answer was:

"Just as I got the land I showed him. I did not care."

That he wanted the land from one point of the bayou to the other. Witness concludes by stating that he made an exchange with defendant for a certain number of acres on the Douglas place for the land described in the contract.

The action should be for an amount in money representing the deficiency.

From any point of view, plaintiff would not be entitled to relief in this case.

It is therefore ordered, adjudged, and decreed that the judgment of the Circuit Court of Appeal, sitting in the parish of Caddo, is avoided, annulled, and reversed, the costs in that court to be paid by plaintiff. It is further ordered, adjudged, and decreed that the judgment of the district court, the decretal part of which reads, in substance, as follows: That defendant J. W. Porter's deed to plaintiff, Thos. J. Adams, conveys the land contained within the metes and bounds as described in said contract, less 45 acres on the east boundary, being stiff land, accepted from plaintiff for a pair of mules, delivered to and accepted by plaintiff, plaintiff to pay all the costs of this suit. It follows from the foregoing that plaintiff is the

owner of the five acres mentioned, and that, in case the defendant neglects or refuses to make deed to these five acres, then this judgment to be considered equivalent to a title between parties from the date of its rendition and among all parties after it will have been recorded as required.

The judgment of the district court is reinstated, and made the judgment of this court at the costs of plaintiff, and it is remanded to the district court for execution.